UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-22106-CIV-COOKE/GOODMAN

BERKLEY ASSURANCE COMPANY,

    Plaintiff,

v.

CORREDOR, HUSSEINI & SNEDAKER,
P.A., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Judge Marcia G. Cooke referred to the Undersigned Defendants' Corredor, Husseini, & Snedaker, P.A., Maria Corredor, Lina Husseini, and Tim Snedaker's ("Defendants") motion for attorney's fees and costs against Plaintiff Berkley Assurance Company ("Berkley"). [ECF Nos. 29; 33]. Berkley filed a response in opposition, and Defendants filed a reply and a notice of supplemental authority. [ECF Nos. 30-32]. The sole issue for the Undersigned to determine is whether Defendants are entitled to attorney's fees under Florida Statute § 627.428, based on the suggestion of mootness that Berkley filed in this declaratory judgment action and the Court's resulting dismissal.

1

Berkley's suggestion of mootness arose after the plaintiff in the underlying state lawsuit voluntarily dismissed *its* case. This scenario is far different from one where the insurance carrier settled or defended the underlying case while contemporaneously claiming, in a declaratory judgment action, that it was not required to defend or indemnify its insured in that case.

For the reasons set forth in more detail below, the Undersigned **respectfully recommends** that the District Court **deny** Defendants' fee motion.

**Background**

Berkley, the insurer, filed this declaratory judgment lawsuit concerning its coverage obligations in a *qui tam* lawsuit filed in state court against Defendants, the insured. [ECF No. 1, p. 9 n. 30]. The state court case is styled *State of Florida Ex. Rel. EFP Recovery Services, LLC v. Corredor, Husseini, & Snedaker, P.A., Maria Corredor, Lina Husseini, and Tim Snedaker*, 2016-CA-001392, and was filed on June 22, 2016, in the 2nd Judicial Circuit Court of Leon County, Florida (the "Underlying Case").

On October 16, 2017, Defendants filed a notice advising that the State of Florida Attorney General voluntarily dismissed the underlying case with prejudice, rendering the coverage questions in this declaratory action moot. [ECF No. 24]. As a result, on October 27, 2017, Berkley filed a suggestion of mootness in this case. [ECF No. 25]. Defendants filed a response to Berkley's filing, conceding mootness but urging entitlement to attorney's fees and costs. [ECF No. 26]. On November 28, 2017, Judge

Cooke dismissed the declaratory action as moot and ruled "that Defendants may separately re-file their motion for attorneys' fees and costs to be addressed independently from the issue of mootness." [ECF No. 28]. Defendants re-filed the motion, which is the subject of this Report. This motion seeks a determination as to entitlement of fees only.

**Legal Standard**

The Court "may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). In interpreting and applying state substantive law, as the Undersigned is tasked with here when analyzing whether entitlement is available under § 627.428, a federal court sitting in diversity should first consult Florida Supreme Court precedent and, in turn, decisions of Florida's intermediate appellate courts "absent some persuasive indication that the state's highest court would decide the issue otherwise." *See W&J Group Enters., Inc. v. Houston Specialty Ins. Co.*, 684 F. App'x. 867, 868 (11th Cir. 2017).

> Defendants' motion relies on § 627.428(1), which states:
>
> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

The purpose of this statute is "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992) (internal citations omitted). Thus, "it permits an award of attorneys' fees not only when there is a judgment entered against the insurer but also when the insurer 'decline[s] to defend its position,' resulting in 'the functional equivalent of a confession of judgment or a verdict in favor of the insured.'" *State Farm Mut. Auto. Ins. Co. v. Coker*, 505 F. App'x 824, 826 (11th Cir. 2013) (applying Florida law) (quoting *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983)).

In *Wollard*, the Florida Supreme Court established that an insurer's post-suit payment of a claim in a first party suit (where the insured directly sues the insurer) "is the functional equivalent of a confession of judgment or a verdict in favor of the insured" such that the insured would be considered a "prevailing party" entitled to attorney's fees and costs within the meaning of § 627.428. 439 So. 2d at 218.

Florida courts and federal courts interpreting the statute sometimes describe this rule as the "confession of judgment rule." *Canal Ins. Co. v. SP Transport, Inc.*, 272 F. App'x 825, 827 (11th Cir. 2008) (regarding an appeal "presenting the question whether, under the confession of judgment rule of Florida law, an insured is entitled to attorney's fees when its insurer settles a third-party tort claim on behalf of the insured and, as a

result, the district court dismisses as moot a related complaint for a declaratory judgment filed by the insurer").

The *Canal* Court reversed the district court's order denying attorney's fees and reasoned that "Florida law entitles an insured to an award of fees after an insurer **settles** a claim against the insured and that settlement moots a related action filed by the insurer for declaratory relief." *Id.* at 826. In reaching this result, *Canal* noted that Florida's intermediate appellate courts have uniformly extended the confession of judgment rule beyond the *Wollard* scenario, which involved the settlement of a first-party suit between the insured and the insurer, to the settlement of a third-party suit and the voluntary dismissal of a related complaint for declaratory relief filed by an insurer against the insured. *Id.* at 828 (citing *Mercury Ins. Co. of Fla. v. Cooper*, 919 So. 2d 491, 492-93 (Fla. 3d DCA 2005); *Unterlack v. Westport Ins. Co.*, 901 So. 2d 387, 389 (Fla. 4th DCA 2005); *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163, 1163 (Fla. 4th DCA 2004)).

*Canal* also noted that Florida's Fourth District Court of Appeal, in *Basik Exports & Imports, Inc. v. Preferred National Insurance Co.*, 911 So. 2d 291, 292-94 (Fla. 4th DCA 2005), limited the reach of the confession of judgment rule by holding that an insured is not entitled to attorney's fees when the insurer settles a third-party complaint, and a related complaint for a declaratory judgment filed *by the insured* is dismissed as moot. *Canal*, 272 F. App'x at 828. *Canal* noted that an insured is not forced to incur litigation

5

costs to enforce its policy when the insured is the party who filed the declaratory judgment action. *Id.* In the instant case, of course, the insurer/insured distinction that *Basik* relied upon is inapplicable, as Berkley, not the insured, is the party who filed this declaratory judgment action.

The operative word in the Eleventh Circuit's holding in *Canal* is that the insured may collect fees after an insurer "**settles**" the underlying suit on the insured's behalf. The settlement in that case indicated that the insurer gave up the coverage dispute and defended the insured in the underlying tort action. Although the insurer's action may not need to be a settlement to justify a fee award under *Canal*, there must be *some* action indicating that the insurer defended the insured in the underlying lawsuit.

Essentially, to establish grounds for a statutory fee award in favor of the insured, there needs to be an award in the insured's favor in the underlying action against the insurer **or** evidence that the insurer abandoned its declaratory judgment coverage dispute by defending the insured in the underlying action. Stated differently, when an underlying action is dismissed, for whatever reason, without any indication that the insurer defended the insured or settled on the insured's behalf, the mootness of the concurrent declaratory action does not *automatically* equate to the insured prevailing for attorney's fee purposes.

6

**Analysis**

With these principles in mind, the Undersigned must determine whether Berkley's suggestion of mootness in this case (resulting in this case's dismissal), which followed the State of Florida's with-prejudice voluntary dismissal of the Underlying Case, should be treated as the functional equivalent of a confession of judgment or a verdict in favor of Defendants, entitling Defendants to attorney's fees under § 627.428(1) as the prevailing party.

Defendants contend that *O'Malley* extends to the facts of this case and entitles them to attorney's fees.[1] 890 So. 2d at 1163. *O'Malley* and this case are similar in that both cases involve an underlying suit for which an insured was seeking coverage and a

---

[1] The Undersigned will not consider *Explorer Insurance Co. v. Cajusma*, 178 So. 3d 923 (Fla. 5th DCA 2015), the sole case listed in Defendants' notice of filing supplemental authority, which was filed after their reply. [ECF No. 32].

"[S]upplemental filings should direct the Court's attention to legal authority or evidence that was **not available to the filing party** at the time that that party filed the original brief to which the subsequent supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011) (emphasis added).

The one case listed in the notice, *Cajusma*, is not appropriate for submission to the District Court. Specifically, Defendants' reply in support of their motion for attorney's fees was filed on December 14, 2017, while *Cajusma*, the case in the notice, was decided in 2015. Thus, the case was *available* to Defendants long before they filed their reply. It could have been cited in their original motion or in their reply. It is procedurally improper to cite a two-year-old case as supplemental authority.

defense from an insurer and a concurrent third party declaratory action in which the insurer was seeking a judgment on its rights and obligations concerning the defense of the insured in the underlying suit. *Id.* at 1164. In *O'Malley*, the insurer defended the insured in an underlying tort suit through a jury verdict, and facilitated settlement of the case, as the offer of judgment was lower than the verdict, and the declaratory action was then voluntarily dismissed. *Id.*

The *O'Malley* Court found that the insurer conferred a *benefit* in the form of defense work for the insured. *Id*. Though this benefit did not culminate in a tangible settlement payment, because the parties agreed to disregard the modest jury verdict if each side was responsible for its own attorney's fees, it reflected the insurer's willingness to litigate the underlying suit. *Id*. In dismissing the declaratory action, the insurer declined to defend its position that it was not obligated to represent the insured in the underlying suit *after* it had already proffered the contested representation. *Id*. The insured was consequently entitled to fees for "prevailing" in the declaratory action, whose dismissal functioned as the insurer's confession of judgment. *Id*.

In contrast, in the Underlying Case, the State of Florida voluntarily dismissed the underlying *qui tam* action with prejudice before any adjudication of the case could occur. [ECF No. 24]. There is no indication in Defendants' filings, or on the record in this case, that Berkley provided any defense in the Underlying Case whatsoever. The subsequent dismissal of the declaratory action was based on that issue's mootness, and

8

it did not reflect any concession that Berkley defended Defendants in the Underlying Case or settled for its insured's benefit. [ECF No. 30, p. 4]. Instead, the record is devoid of facts explaining why the Underlying Case was dismissed or why the State of Florida decided to dismiss the action with prejudice.

Berkley relies on *State Farm Mutual Automobile Insurance Co. v. Coker*, 505 F. App'x 824 (11th Cir. 2013) to support its contention that the confession of judgment rule does not apply to this case and that Berkley is therefore not responsible for Defendants' attorney's fees. In *Coker*, the Eleventh Circuit reversed the trial court's award of fees in a declaratory judgment action because the underlying suit had not settled or been adjudicated in any capacity before it was dismissed based on fraud on the court. *Id*. at 827.

Thus, the dismissal of the declaratory judgment action the insurer filed did not reflect the insurer's unwillingness to defend its position on the coverage issue as it did not settle the underlying suit. Therefore, the insurer did not functionally concede a duty to indemnify or defend that was inconsistent with its position in the declaratory judgment action. Instead, all the carrier did was file a suggestion of mootness, which prompted the district court to dismiss the declaratory judgment action. *Id.* at 826.

In fact, the *Coker* Court noted that the negligence suit was dismissed because the plaintiff perpetrated a fraud on the court, not because the carrier abandoned its position that it had no duty to defend or indemnify the insured in the negligence suit or that it

9

settled the underlying suit. *Id.* at 827 n. 2. To the *Coker* Court, this rendered the district court's reliance on *O'Malley* "misplaced." *Id.* Phrased differently, the *Coker* Court held that the district court erred when it determined that the suggestion of mootness was functionally equivalent to a confession of judgment or a verdict in the insured's favor. *Id.* at 827; *see also Clarendon Am. Ins. Co. v. Taylor Ranch*, No. 8:07-CV-2015-T-17EAJ, 2009 U.S. Dist. LEXIS 136933, at *35-36 (M.D. Fla. 2009) (finding that the insurer's voluntary dismissal of the concurrent declaratory judgment action did not amount to a confession of judgment under § 627.428 even though the insured claimed that the insurer agreed to a joint partial defense in the underlying action before it was stricken as a discovery sanction and focusing on the lack of evidence that the defense was actually joint and the fact that the underlying action did not result in a settlement).

Denying attorney's fees to Defendants here makes sense in terms of the competing public policy considerations. Though the confession of judgment rule operates to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts, insurers are also entitled to bring declaratory actions to determine whether coverage applies or a defense is necessary from the start. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004); *Britamco Underwriters v. Cent. Jersey Invs.*, 632 So. 2d 138, 141 (Fla. 4th DCA 1994). If the underlying suit is dismissed without substantial adjudication, and thus the reason behind the declaratory action is no longer necessary, then there is no reason an insurer

should be penalized for filing a declaratory action to determine its duty to defend from the start.

Here, no final judgment or settlement was attained by the parties in the underlying *qui tam* action. Defendants offer no evidence that Berkley actually litigated a single facet of the suit, or provided any semblance of a defense, before the State of Florida voluntarily dismissed the case with prejudice. Thus, without evidence of Berkley's involvement in the defense of the underlying *qui tam* action, the confession of judgment rule is inapplicable. There is nothing to demonstrate that Berkley's suggestion of mootness is "functionally equivalent to a confession of judgment or a verdict in [Defendants'] favor." *Coker*, 505 F. App'x. at 827.

There is also no evidence that Berkley was not prepared to proceed with this declaratory judgment action. Rather, the only record evidence is that the coverage dispute became moot when the State of Florida unilaterally dismissed the underlying *qui tam* lawsuit with prejudice. As a result, Defendants did not prevail within the meaning of § 627.428. If evidence of Berkley's involvement in the resolution of the Underlying Case exists (e.g., by paying money to the State of Florida to settle the *qui tam* lawsuit against its insured), then Defendants did not prove this. To the contrary, there is not a hint in the record here of Berkley's involvement in the with-prejudice dismissal of the Underlying Case. In light of this lack of evidence, the Undersigned **recommends**

11

that Judge Cooke find that Defendants are not entitled to attorney's fees under § 627.428 and **deny** Defendants' motion for attorney's fees.

## OBJECTIONS

The parties shall have 14 calendar days from the date of this report to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 calendar days from the date of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report, and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this report, except upon grounds of plain error and if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 13, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Honorable Marcia G. Cooke
All Counsel of Record